MATHESON & MATHESON, P.L.C.
Darrel S. Jackson – 018415
djackson@mathesonlegal.com
Michelle R. Matheson – 019568
mmatheson@mathesonlegal.com
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Randy V. Mallari, an individual, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Andrea G. Datingaling, an individual; | **(JURY TRIAL REQUESTED)** |
| Sacred Heart Nursing Services, Inc., an Arizona corporation; and Sacred Heart Medical Services, Inc., an Arizona corporation; | |
| Defendants. | |

Plaintiff alleges:

1.     This case arises out of Defendants' unlawful employment practices. Defendants unlawfully failed and refused to pay Plaintiff overtime as required by the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.*   Defendants also failed and refused to pay Plaintiffs their regular and overtime wages as required under Arizona law, A.R.S. § 23-351.   Defendants also unlawfully failed to pay Plaintiff the Arizona minimum wage, in violation of the A.R.S. § 23-363.

2.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claim under the FLSA.   Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claim because his federal and state law claims form part of the same case and controversy.

3.     This Court is the proper venue, pursuant to 28 U.S.C. § 1391, because the Defendants reside in Arizona and all of the events or omissions giving rise to Plaintiff's claim occurred in Maricopa County, Arizona.

4.     Plaintiff is currently, and at all times relevant to this action was, a resident of Maricopa County, Arizona.

5.     Upon information and belief, Defendant Andrea G. Datingaling resides in Maricopa County, Arizona.   Ms. Datingaling owns and operates a temporary staffing service that provides nurses, licensed practical nurses, certified nursing assistants and other nursing and allied health care professionals to hospitals and other medical facilities in the Phoenix area.   She exercises significant economic control over her business, including control over decisions regarding how to pay employees.

6.     Ms. Datingaling is the president and owner of two corporations—defendant Sacred Heart Nursing Services, Inc. and defendant Sacred Heart Medical Services, Inc.— through which she runs her temporary staffing business.  Both corporations are located at 3418 E. Indian School Road, Phoenix, Arizona, 85018.

7.     Plaintiff began working for Defendants as a staffing coordinator in December 2010.  Plaintiff's last day of work for Defendants was on November 27, 2012.

8.     Defendants have a pool of client health-care facilities and hospitals that regularly require temporary staffing.  Defendants also maintain a registry of health-care professionals who were available for temporary assignments.  As a staffing coordinator, Plaintiff's primary job duty was to check-in regularly with Defendants' clients to determine whether they needed temporary staffing, and to contact the health-care professionals on Defendants' registry to ask whether they were willing to accept any of the available temporary assignments.

9.     Plaintiff typically worked six days per week for Defendants.  Plaintiff typically worked Monday through Friday at Defendants' facility at 3418 E. Indian School Road, Phoenix, Arizona, 85018.  Plaintiff worked from home on Saturdays.

10.     Plaintiff typically began his work day at 7:00 a.m. and remained on duty until 7:00 p.m., for a total of 72 hours per week.

11.     Defendants paid Plaintiff a salary of $1,800 for the first month of his employment as a staffing coordinator.  Thereafter, Defendants paid Plaintiff $225 per week in reported wages and $225 in unreported wages, for a total of $450 per week.

12.     Plaintiff received no commissions or any other form of compensation in addition to his weekly salary.

13.     Plaintiff received less than $100,000 in total compensation on an annual basis.

14.     Plaintiff customarily and regularly performed non-exempt work for purposes of the FLSA.

15.     Plaintiff had no managerial duties or functions.

-3-

16.     Plaintiff rarely, if ever, exercised discretion and independent judgment in connection with matters of significance.

17.     Plaintiff was not free from supervision in connection with matters of significance while employed by Defendants.

18.     Plaintiff did not have the authority to commit Defendants in matters that had significant financial impact.

19.     Plaintiff had little, if any, authority to waive or deviate from established policies and procedures without prior approval.

20.     Plaintiff did not supervise other employees.

21.     Plaintiff made no decisions or recommendations regarding hiring, firing, or disciplining other employees.

22.     Plaintiff made no decisions regarding work schedules for other employees.

## COUNT ONE

**(Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act)**

23.     Plaintiff incorporates by reference the allegations above.

24.     Plaintiff was a covered "employee" and Defendants were Plaintiff's "employer" as those terms are defined by the FLSA.

25.     Defendant Sacred Heart Nursing Services, Inc. is a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA, 29 U.S.C. §§ 201-219.  Defendant Sacred Heart Nursing Services, Inc.'s gross volume of sales or business done in the 12-month period preceding the filing of this complaint was not less than $500,000.00.

26.    Defendant Sacred Heart Medical Services, Inc. is a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA, 29 U.S.C. §§ 201-219.  Defendant Sacred Heart Medical Services, Inc.'s gross volume of sales or business done in the 12-month period preceding the filing of this complaint was not less than $500,000.00.

27.    At all relevant times, Ms. Datingaling was a covered "employer" as defined in 29 U.S.C. § 203(d).

28.    Plaintiff was a covered individual "engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

29.    The overtime provision of the FLSA, 29 U.S.C. § 207, applies to Defendants.

30.    Plaintiff regularly worked in excess of 40 hours per week for Defendants but received no overtime pay.

31.    Defendants did not keep accurate records of Plaintiff's hours worked, as required by the FLSA, 29 U.S.C. § 211(c).

32.    Plaintiff was a nonexempt employee under the FLSA.

33.    Defendants were aware or should have been aware that federal law required them to pay overtime to Plaintiff for all time worked in excess of 40 hours per week.

34.    Defendants violation of the FLSA was willful.

35.    Plaintiff has suffered economic damages as a result of Defendants' unlawful compensation practice and is entitled to statutory remedies pursuant to the

FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## COUNT TWO

**(Violation of the Arizona law regarding payment of wages)**

36.     Plaintiff incorporates by reference the allegations above.

37.     Plaintiff was an "employee" and both Sacred Heart Medical Services, Inc. and Sacred Heart Nursing Services, Inc. were Plaintiff's "employer" as those terms are defined by the Arizona Wage Payment Act.

38.     Defendants failed to pay Plaintiff's wages as required under A.R.S. § 23-351.

39.     As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided in A.R.S. § 23-355.

## COUNT THREE

**(Violations of Arizona Minimum Wage Act)**

40.     Plaintiff incorporates by reference the allegations above.

41.     Plaintiff was an "employee" and both Sacred Heart Medical Services, Inc. and Sacred Heart Nursing Services, Inc. were Plaintiff's "employer" as those terms are defined by the Arizona Minimum Wage Act.

42.     Pursuant to A.R.S. § 23-363, Defendants were required to pay Plaintiff the state minimum wage of $7.25 in 2010, $7.35 in 2011, and $7.65 per hour in 2012, but failed to do so.

43.    Defendants failed to post notices in their workplace notifying employees of their rights under the Arizona Minimum Wage Act.

44.    Defendants failed to maintain payroll records showing the hours employees worked each day, in violation of A.R.S. § 23-364(D).

45.    Plaintiff has raised a rebuttable presumption that Defendants did not pay the required minimum wage rate, and Defendants are subject to the civil penalties set forth in A.R.S. § 23-364(F).

46.    As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided in A.R.S. § 23-364.

## REQUESTED RELIEF

## COUNT ONE

A.    For an award of damages of unpaid overtime, plus an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

B.    For an award of Plaintiff's reasonable attorneys' fees and costs; and

C.    For an award of pre and post judgment interest on all compensation due.

## COUNT TWO

A.    For the Court to find that Defendants violated Arizona law by failing to pay all regular and overtime wages owed to Plaintiff;

B.    For an award of damages including the wages owed, interest thereon, and an additional amount equal to twice the unpaid wages, pursuant to A.R.S. § 23-355;

C.    For an award of attorneys' fees and costs; and

D.    For an award of pre and post judgment interest.

1

**COUNT THREE**

2      A.      For the Court to find that Defendants violated the minimum wage

3 provisions of the Arizona Minimum Wage Act, A.R.S. §§ 23-363 and 23-364;

4      B.      For an award of damages resulting from Defendants' failure to pay the

5 Arizona minimum wage, including the balance of wages owed, interest thereon, and an

6 additional amount equal to twice the underpaid wages, pursuant to A.R.S. § 23-364;

7

8      C.      For an award of attorneys' fees and related expenses;

9      D.      For an award of prejudgment and post-judgment interest; and

10      E.      For an award of Plaintiff's costs of suit incurred herein.

11                    **DEMAND FOR JURY TRIAL**

12      Plaintiff demands trial of his claims by jury to the extent authorized by law.

13

14                    Dated this 7th day of June, 2013

15                    Matheson & Matheson, P.L.C.

16

17                    By: /s/ Darrel S. Jackson_____

18

19

20

21

22

23

24

25